**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Artemio Adame, | No. CV-25-00664-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| North Mountain Foothills Apartments LLC, et al., | |
| Defendants. | |

Plaintiff Artemio Adame alleges he was not paid the overtime wages he was owed while working for defendant North Mountain Foothills Apartment ("NMFA"). Adame's complaint asserts a Fair Labor Standards Act ("FLSA") claim and an Arizona Wage Act ("AWA") claim. Those claims are asserted against NMFA and its owners, Michel Gareau and Carrie Matteson (collectively, "defendants").

Defendants answered the complaint and asserted counterclaims for breach of contract and unjust enrichment, alleging Adame breached his oral employment contract (under which he was also compensated with housing worth $1,700 per month) by spending on-the-job time viewing explicit materials. Adame moves to dismiss the counterclaims for lack of subject matter jurisdiction, but if subject matter jurisdiction exists, he asks the court to decline to exercise that jurisdiction. The motion to dismiss is denied because the court has subject matter jurisdiction over NMFA's counterclaims and there are no compelling reasons to not exercise it.

## I. Background

NMFA is an apartment complex in Maricopa County. (Doc. 1 at 6.) Adame began working as a maintenance technician for NMFA around December 2024. (Docs. 1 at 6, 9 at 7.) According to NMFA's counterclaims, Adame had an oral contract with NMFA in which it agreed to provide him "with housing with an estimated value of $1,700 per month" and money in exchange for his services. (Doc. 9 at 8.)

NMFA discovered that during work hours Adame "was using [its] equipment for improper purposes, including, but not limited to, viewing explicit materials." (Doc. 9 at 8.) NMFA claims the time he spent on "inappropriate and improper conduct . . . was [not] compensable time" and constituted a breach of the parties' oral contract. (Doc. 9 at 8.) NMFA also alleges Adame was unjustly enriched because he received compensation "for time that he was not working." (Doc. 9 at 9.)

## II. Legal Standard

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "In a facial attack" like the one here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The defendants' allegations as they relate to the counterclaims "are taken as true and construed in favor of defendants." *Crespo v. True Ride Inc.*, No. CV-22-01869-PHX-ROS, 2023 WL 3726718, at *2 (D. Ariz. May 30, 2023).

## III. Analysis

Supplemental jurisdiction exists over state law claims that "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (simplified). The parties debate whether the counterclaims qualify as compulsory or permissive under Rule 13, but the court need not categorize each counterclaim because the crucial inquiry for supplemental jurisdiction here is whether both counterclaims share a

common nucleus of operative fact with Adame's FLSA or AWA claim. They do.

FLSA does not apply to independent contractors. *See Murray v. Playmaker Servs., LLC*, 512 F. Supp. 2d 1273, 1276 (S.D. Fla. 2007). Adame will thus have to prove he was an "employee" as a threshold element of his FLSA claim. *Padjuran v. Aventura Limousine & Transp. Serv., Inc.*, 500 F. Supp. 2d 1359, 1361 (S.D. Fla. 2007).

In contrast, NMFA claims Adame agreed via an oral contract to provide independent contractor services in exchange for money and housing. (Doc. 9 at 8; *see also* Doc. 1 at 7 (recognizing NMFA classified Adame as an independent contractor").) Whether a contract describes someone as an independent contractor is not "dispositive or controlling" as to whether someone is an "employee" under FLSA. *Murphy v. Tuality Healthcare*, 157 F. Supp. 3d 921, 925–26 (D. Or. 2016). Instead, the question is determined by the "economic realities" test which relies on six factors to evaluate the employment relationship. *Perez v. Oak Grove Cinemas, Inc.*, 68 F. Supp. 3d 1234, 1242 (D. Or. 2014). "The focus of the economic realities test is whether the employee, as a matter of economic reality, is dependent upon the business to which they render service." *Sibbald v. Johnson*, 294 F. Supp. 2d 1173, 1175 (S.D. Cal. 2003) (simplified). The specifics of Adame's relationship with NMFA will therefore be dispositive as to whether he is covered under FLSA. Above FLSA's minimum-wage floor, the nature and amount of compensation NMFA agreed to provide in the oral contract will likewise be crucial to the outcome of Adame's overtime claim. *See Jones v. Addictive Behav. Change Health Grp., LLC*, 364 F. Supp. 3d 1257, 1264 (D. Kan. 2019) (noting FLSA plaintiff would have to show the amount of overtime hours she worked and how much defendant should have paid her for those hours). Construing that same oral contract and its terms will be necessary to determine whether Adame breached his contract with NMFA. The discovery necessary for the FLSA claim and the breach of contract claim is also likely to overlap.

NMFA's breach of contract claim therefore shares a common nucleus of operative fact with Adame's FLSA claim and the court therefore has supplemental jurisdiction over it. *See Hollis v. R & R Restaurants, Inc*, No. 3:21-CV-00965-YY, 2023 WL 9063675, at

\*2 (D. Or. Feb. 17, 2023) (holding defendant's breach of contract and unjust enrichment counterclaims to plaintiff's FLSA claim shared a common nucleus of operative fact in part because "the analysis of whether plaintiff was in fact an employee covered by FLSA is a key determining factor in the theories underlying both the claims and counterclaims") (citation omitted); *see also Preston v. Jingze Foods, LLC.*, No. CV-23-00755-PHX-SPL, 2024 WL 5379115, at \*3 (D. Ariz. Mar. 11, 2024) (exercising supplemental jurisdiction over breach of contract counterclaim to FLSA claim in part because "a central issue to both claims" was "whether Plaintiff was a covered employee under the FLSA" and therefore the "discovery between the two claims will heavily overlap").

Also relevant to both parties' claims are how many hours Adame worked. He claims he worked between five and ten hours of unpaid overtime per week (Doc. 1 at 9), an allegation that forms the basis for his FLSA claim (*see* Doc. 1 at 11). The core of NMFA's unjust enrichment claim is their allegation that Adame was compensated for work he did not perform because he was engaging in "improper and unlawful conduct" during those times. (Doc. 9 at 9.) Whether Adame was working—and is therefore owed compensation for—the hours he claimed he worked overtime is key to his FLSA claim and NMFA's unjust enrichment claim, weighing heavily in favor of finding they share a common nucleus of operative fact. *See Preston*, 2024 WL 5379115, at \*4 (finding common nucleus of operative fact between plaintiff's FLSA claim and defendant's unjust enrichment claim because both required proving plaintiff "was owed compensation for the work performed"); *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1286 (S.D. Fla. 2019) (finding supplemental jurisdiction over defendant's unjust enrichment counterclaim to plaintiffs' FLSA claim because both claims "relate to whether Plaintiffs were stealing rather than working during the hours Plaintiffs allege that they should have been compensated"). Adame's FLSA claim and NMFA's unjust enrichment claim therefore share a common nucleus of operative fact and there is thus supplemental jurisdiction over NMFA's unjust enrichment claim.

Adame cites District of Arizona cases declining to exercise supplemental

jurisdiction over counterclaims when the only overlap with FLSA claims was the parties' employment relationship. (*See* Doc. 13 at 8–11 (citing e.g., *Vasquez v. Dan Keen Servs. Inc.*, No. CV-21-00320-PHX-DLR, 2021 WL 2043025, at *2 (D. Ariz. May 21, 2021); *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1051 (D. Ariz. 2018).) These cases are inapposite because here there is substantial overlap between Adame's claims and NMFA's counterclaims well beyond their employment relationship. Adame similarly cites cases holding there was no supplemental jurisdiction over counterclaims in FLSA suits because of a lack of overlap in discovery between the FLSA claim and the counterclaims beyond the employment relationship. (*See* Doc. 13 at 9–10 (citing *Ripley v. PMD Dev. LLC*, No. CV-18-01162-PHX-DLR, 2018 WL 4931750, at *2 (D. Ariz. Oct. 11, 2018); *Martinez v. PM&M Elec. Inc.*, No. CV-18-01181-PHX-JGZ, 2019 WL 450870, at *5 (D. Ariz. Feb. 5, 2019). But these cases are also inapposite because the discovery will overlap far more substantially here. And because of that substantial overlap, the counterclaims will not "substantially predominate" over the FLSA claims, so the court will not decline to exercise supplemental jurisdiction on that ground. *See* 28 U.S.C. § 1367(c)(2) (giving a court discretion to decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction").

Importantly too, these cases did not involve a defendant claiming a plaintiff was not covered by FLSA because they were an independent contractor. That issue can establish a common nucleus of operative fact between a FLSA claim and a counterclaim so as to establish supplemental jurisdiction. *See Santeiro v. Wacko's Too, Inc.*, No. 3:17-CV-1233-J-25PDB, 2018 WL 11344442, at *3 (M.D. Fla. Oct. 30, 2018) (collecting cases); *Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1329 (S.D. Fla. 2014) (finding a common nucleus of operative fact where contract interpretation "may be dispositive" to FLSA claim); *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 88 (D.N.J. 2014) (same).

Adame argues even if there is supplemental jurisdiction over NMFA's counterclaims (which there is) the court should decline to exercise it because there are

"compelling reasons" for doing so. (Doc 13 at 13 (quoting 28 U.S.C. § 1367(c)(4)).) Only in "exceptional circumstances" should a court decline to exercise supplemental jurisdiction based on "compelling reasons." 28 U.S.C. § 1367(c)(4); *see also Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 24 F.3d 1545, 1560 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008) (for a district court to decline to exercise jurisdiction under § 1367(c)(4) it must "articulate[ ] 'compelling reasons' . . . and identif[y] how the situation that it confronts is 'exceptional'"). Adame fails to persuasively argue there are "compelling reasons" for declining to exercise supplemental jurisdiction here. *See Llanes v. Zalewski*, No. 3:18-CV-00267-SB, 2019 WL 1509992, at *3 (D. Or. Apr. 5, 2019) ("[D]eclining supplemental jurisdiction over counterclaims in every FLSA action would contradict the Ninth Circuit's command that § 1367(c)(4) applies only in rare circumstances.") (citation omitted). As a result, Adame's argument that the court should decline to exercise its supplemental jurisdiction over NMFA's counterclaims fails.

### IV.   Conclusion

There is supplemental jurisdiction over NMFA's breach of contract and unjust enrichment counterclaims because they share a common nucleus of operative fact with Adame's FLSA claim. He does not persuasively argue there are compelling reasons for the court to decline to exercise that jurisdiction, so his motion to dismiss the counterclaims is denied.

Accordingly,

**IT IS ORDERED** plaintiff's motion to dismiss (Doc. 13) is **DENIED**.

Dated this 14th day of July, 2025.

Honorable Krissa M. Lanham
United States District Judge